UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

JASON BEATTIE,

        Plaintiff,

        v.                       Case No. 05-C-0310

CAPITAL ONE, F.S.B.,
THE WESTMORELAND AGENCY,

        Defendants.

DECISION AND ORDER
DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS COUNTS TWO AND THREE, GRANTING PLAINTIFF'S EXPEDITED MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT, DEEMING THE AMENDED COMPLAINT TO BE FILED INSTANTER, AND REQUIRING DEFENDANTS TO ANSWER OR OTHERWISE RESPOND TO THE AMENDED COMPLAINT ON OR BEFORE DECEMBER 8, 2005

        Plaintiff, Jason Beattie, commenced this action claiming violations of the Fair Debt Collection Practices Act (FDCPA) pursuant to 15 U.S.C. § 1692 *et seq.* Beattie asserts that a debt collection letter from defendant, The Westmoreland Agency received in October or November of 2004 contains three violations of the FDCPA. Count One alleges that the statement "We assume the debt is valid" in Westmoreland's collection letter violates the 15 U.S.C. § 1692g right to not have a debt assumed to be valid until the expiration of the thirty-day debt validation period. Count Two charges that the letter is deficient in that it requires the recipient's dispute to be in writing. Count Three alleges that the letter directs recipients to address disputes to Capital One rather than Westmoreland contrary to 15 U.S.C. § 1692g. The case comes before the court on defendants' motion to dismiss pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure. In addition, plaintiff has filed an expedited motion to amend the complaint.

STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990). Accordingly, the following is a summary of the facts viewed in the light most favorable to the Beattie.

FACTS

Jason Beattie lives in Milwaukee, Wisconsin. Defendant Capital One, F.S.B., is a federally chartered savings bank with principal offices in Virginia and defendant The Westmoreland Agency is a subsidiary of Capital One, also with principal offices in Virginia.

Capital One purchased Beattie's alleged debt from SBC-Ameritech while the debt was in default. Capital One engaged Westmoreland to collect the $285.23 from Beattie. In October or November of 2004, Westmoreland sent a collection letter to Beattie (Ex. A of the complaint). The letter reads in pertinent part:

> Dear Jason Beattie,
>
> CAPITAL ONE, F.S.B., has purchased your charged-off debt from the creditor referenced above, and your balance of $285.23 is now owed to them. The Westmoreland Agency is servicing this account on behalf of Capital One.
>
> We assume this debt is valid. However, you may dispute all or part of it - in writing - within 30 days of your receipt of this letter.

2

> We will then mail you a copy of verification of the debt or a copy of a judgment. We will also provide you with the address of the original creditor. If you have settled this account, please send us written details of the settlement to the following address:
>
> Capital One * P.O. Box 85522 * Richmond, Virginia 23285-5522
>
> If you already have a Capital One account, you can rest assured that the purchase of this charged-off debt will not affect your present account or current standing with Capital One. Also, keep in mind that even if you make a payment you can still dispute this debt within the 30-day period.
>
> At the Westmoreland Agency, you'll work with friendly, dedicated professionals who will treat you with the respect you deserve. We'll take time to listen to you. Plus, <u>we'll work with you to design a payment plan that fits your needs</u>. And that's great news because we want to give you this opportunity to repay this debt.
>
> For your ease and convenience, you may pay the entire amount right now. Or if you prefer, you may simply make an initial payment. Just mail the payment slip below along with your check or money order (made payable to Capital One) in the enclosed reply envelope.
>
> Remember, you have 30 days to dispute this debt. But if this debt is valid, we want you to know that we take great pride in providing people with opportunities to resolve their charged-off debts. We hope you'll take advantage of this offer.
>
> Sincerely,
>
> Susan J. Morgan, The Westmoreland Agency

The letterhead reads:

> The Westmoreland Agency
> Capital One Company
> Correspondence: P.O. Box 85522, Richmond Virginia 23285-5522
> Payments: P.O. Box 85523, Richmond Virginia 23285-5523

In addition, the payment voucher on the bottom of the letter is to be sent to Capital One, P.O.

Box 85523 Richmond, VA 23286-9410.

3

The back of the letter contains the following language:

IMPORTANT INFORMATION ABOUT YOUR DEBT

If this is the first letter you have received from us regarding this debt, please be aware that this communication is from a debt collector, and it and others from us are an attempt to collect a debt. Any information obtained will be used for that purpose. This debt is owed to Capital One Bank or Capital One F.S.B. (see offer letter). Unless you dispute the validity of all or part of this debt within 30 days after receipt of this notice, we will assume the debt is valid. However, if you notify us in writing within the 30-day period, we will mail a copy of verification of the debt or the judgment to you and will provide you with the address of the original creditor for this debt. You may write to use at Capital One Bank, P.O. Box 85522, Richmond, VA 23285-5522 (please do not send payments to this address). Remember that even if you make a payment, you still have the remainder of the 30 days to dispute your debt. If this is not the first letter you have received from us regarding this debt, please be aware that you still have 30 days from receipt of our original letter to your to dispute this debt.

## DISCUSSION

The requirements governing debt validation are set forth in 15 U.S.C. § 1692g of the FDCPA. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector must sent a written notice containing the following:

>
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will then be mailed to the consumer by the debt collector; and

4

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide a consumer with the name and address fo the original creditor, if different than the current creditor.

15 U.S.C. § 1692g(a)(1)-(5).

When determining whether there has been a violation of § 1692g, claims under the FDCPA are to be viewed through the eyes of the "unsophisticated consumer." *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996). This standard "protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness. The reasonableness element in turn shields complying debt collectors from liability for unrealistic or peculiar interpretations of collection letters." *Gammon v. GC Servs. Ltd. Partnership*, 27 F. 3d 1254, 1257 (7th Cir. 1994).

Beattie argues that Westmoreland's collection letter violates 15 U.S.C. § 1692g(a)(3) because it states that he may dispute all or part of the debt "in writing." The statutory language in (a)(3) does not require expressly that the dispute be in writing. Defendants counter that the following two subsections, §§ 1692g(a)(4) and (5), provide expressly that the debtor communicate with the debt collector in writing.

In *Graziano v. Harrison*, 950 F.2d 107, 112 (3rd Cir. 1991), the Third Circuit Court of Appeals held that a writing requirement must be read into the statute for § 1692g to be effective. The court reasoned that without the writing requirement, the debt collector would have no statutory ground for assuming the debt was valid but would not be required to verify the debt or to advise the debtor of the identity of the original creditor. *Id.* Also, the court noted that there are "strong reasons to prefer that a dispute of a debt collection be in writing: a writing creates a lasting record of the fact that the debt had been disputed, and thus avoids

5

a source of potential conflicts.*" Id.* Similarly, a district court in the Western District of Wisconsin has held that requiring a debtor to dispute the validity of a debt in writing does not violate § 1692g(a)(3). *Sturdevant v. Jolas*, 942 F. Supp. 426, 429 (W.D. Wis. 1996).

Notwithstanding a court's preference, the first rule of statutory construction is that courts should look to the plain language of the statute. "It is well established that where the statute's language is plain, the sole function of the courts--at least where the disposition required by the text is not absurd--is to enforce it according to its terms." *Lamie v. U.S. Tr.*, 540 U.S. 526, 124 S. Ct. 1023, 1030, 157 L. Ed. 2d 1024 (2004); *see also Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004) (quoting *Estate of Cowser v. Commissioner*, 736 F.2d 1168, 1171 (7th Cir. 1984)). In addition, where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion. *Russello v. United States*, 464 U.S. 16, 23, 104 S. Ct. 296, 78 L. Ed. 2d 17 (1983) ("We refrain from concluding here that the differing language in the two subsections has the same meaning in each. We would not presume to ascribe this difference to a simple mistake in draftsmanship").

Under section 1692g(a)(3), a debt collector assumes the validity of the debt if no dispute is received within a thirty day period. If a dispute is received, the debt collector may not assume that the debt is valid. Reading the plain language, there is no requirement that the dispute be in writing. In contrast, consumers are required to notify the debt collector "in writing" under § 1692g(a)(4) to obtain verification of the debt and § 1692g(a)(5) to obtain the name and address of the original creditor. Therefore, the court concludes that the omission of the writing requirement in (a)(3) was intentional.

6

This reading of the statute does not produce absurd results. While this court agrees that there are obvious benefits for imposing a writing requirement, allowing a consumer to dispute the claim orally serves two purposes: (1) it provides an informal red flag to a debt collector so that it might quickly and inexpensively check the validity of the debt without triggering the formal requirements of §§ 1692g(a)(4) and (5); and (2) it provides limited protection to debtors who wish to dispute an alleged debt but "may lack the wherewithal to do so in writing." *Sanchez v. Weiss*, 173 F. Supp. 2d 1029, 1034 (N.D. Cal. 2001). As noted by a district court in the Southern District of Indiana, "oral disputes are not valueless because a debt collector contacted by a third party after an oral dispute must inform that party that the debt is disputed, pursuant to § 1692e(8), which prohibits '[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt is disputed.'" *Rosado v. Taylor*, 324 F. Supp. 2d 917 (N.D. Ind. 2004).

Defendants claim that the model collection letter drafted by the Seventh Circuit Court of Appeals in *Bartlett v. Heibl*, 128 F.3d 497, 501 (7th Cir. 1997) contains "language virtually identical to the language in this case." However, the Seventh Circuit cautioned that it was not certifying the letter as proof against challenges based on other provisions of the statute. *Id.* More importantly, defendants have quoted the model letter selectively in stating: "If you do dispute [the debt] - by notifying me in writing to that effect - I will, as required by the law, obtain and mail to you proof of the debt. *Id.*, at 502. Actually, the letter reads, in pertinent part:

> Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, I'll assume that it's valid. If you do

7

> dispute it - by notifying me in writing to that effect - I will, as required by the law, obtain and mail to you proof of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor (Micard Services), I will furnish you with that information too.

*Id.* The first two sentences of the model letter comply with the plain language of § 1692g(a)(3). If the consumer does not dispute the validity of the debt in thirty days, it is presumed to be valid. The remainder of the paragraph in the model letter addresses § 1692g(a)(4) and (5).

In the letter drafted by Westmoreland, the consumer is told to dispute the debt "- in writing -" within the thirty-day period. Later, the consumer is reminded that he or she has thirty days to dispute the debt but there is no reference to writing. Whether this creates confusion or is a violation of § 1692g(a)(3) shall be decided at a later date. Simply, the court finds that plaintiff has stated a claim upon which relief May be granted with respect to Count Two.

Turning to Count Three, Beattie contends the letter from Westmoreland "directs that disputes be communicated to Capital One and not to Westmoreland" and that "directing disputes to persons other than the debt collector are not sufficient to invoke the consumer's rights under 15 U.S.C. § 1692g." Beattie relies upon *Macarz v. Transworld Systems, Inc.*, 26 F. Supp. 2d 368 (D. Conn. 1998), in which the district court for the District of Connecticut held that prominence of the creditor's address and the directive to "contact your creditor" violated § 1692g.

Although Beattie survives the motion to dismiss on Count Three, he is not on solid ground. Beattie identifies Westmoreland Agency and Capital One in the complaint as

debt collectors as defined in 15 U.S.C. § 1692a.  The first sentence of the letter explains that Capital One purchased the charged-off debt from the original creditor and that the Westmoreland Agency is servicing this account on behalf of Capital One.   Further, the letterhead and the body of the letter direct correspondence to the same Capital One address.  Nevertheless, defendants have filed the Declaration of P. Tom Thurmond, III, which clarifies that the Capital One address is the address that Westmoreland uses for receiving disputes and other correspondence from consumers.  The court cannot consider the Declaration on a motion to dismiss, and it would be inappropriate to convert the motion into a motion for summary judgment at this stage as discovery commenced recently.  Hence, the motion to dismiss Count Three will be denied without prejudice.

Finally, Beattie filed an expedited non-dispositive motion for leave to file an amended complaint.  In the motion, Beattie seeks leave to include an additional plaintiff, Jan Calvin, who received a collection letter in the identical form that defendant sent to Beattie.  Also, the proposed amended complaint corrects Westmoreland's name and modifies Count One to add a claim under 15 U.S.C. § 1692e based on the same conduct.  Because the proposed amended complaint is not affected by the court's ruling on the motion to dismiss and there is no apparent prejudice to defendants (who have not objected to the motion), the court will grant leave to file the proposed amended complaint instanter.

Now, therefore,

IT IS ORDERED that defendants' motion to dismiss Counts Two and Three is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff's Rule 7.4 expedited non-dispositive motion for leave to file an amended complaint is granted.  The amended complaint is filed

9

instanter. Defendants shall file an answer to the amended complaint on or before December 8, 2005.

Dated at Milwaukee, Wisconsin, this 8th day of November, 2005.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge