UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

JASON BEATTIE,
JAN R. CALVIN,

        Plaintiffs,

        v.                 Case No. 05-C-0310

CAPITAL ONE, F.S.B.,
THE WESTMORELAND AGENCY,

        Defendants.

DECISION AND ORDER
GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (DOC. # 27),
AND DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT (DOC. # 31) AND SUSPENDING DISCOVERY

Plaintiffs Jason Beattie and Jan R. Calvin filed this action against Capital One, F.S.B. and The Westmoreland Agency for alleged violations of the Fair Debt Collection Practices Act (FDCPA). Briefly, Beattie and Calvin owed money to SBC Ameritech. SBC sold these debts to Capital One, F.S.B., and Capital One, F.S.B., engaged The Westmoreland Agency to collect the debts. This court denied without prejudice defendants' motion to dismiss. Now, the parties return to court on plaintiffs' motion for class certification and defendants' motion for summary judgment.

Plaintiffs' proposed class would consist of the following:

> (a) all natural persons (b) who were sent a collection letter in the form represented by <u>Exhibit A</u> to an address in the State of Wisconsin, (c) seeking to collect a debt for personal, family or household purposes, (e) on or after a date one year prior to the filing of this action, (f) that was not returned by the postal service.

Exhibit A is a standard form, initial collection letter addressed to plaintiff Jason Beattie from The Westmoreland Agency. The letter explains that The Westmoreland Agency "is servicing

the account on behalf of Capital One," and seeks a response by 11/26/04. (Aff. Blythin, Ex. A) Exhibit B is an identical letter addressed to plaintiff Jan Calvin. (Aff. Blythin, Ex. B) To prevail on their motion, plaintiffs bear the burden of demonstrating that all the requirements for class certification are satisfied. The plaintiffs have the burden of proving that class certification is proper. *Trotter v. Klincar,* 748 F.2d 1177, 1184 (7th Cir. 1984).

Federal Rule of Civil Procedure 23(a) sets forth four requirements for certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). If the Rule 23(a) elements are satisfied, plaintiffs must also satisfy one of the subsections of Rule 23(b). Under Rule 23(b)(3), a plaintiff must show that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." The plaintiffs must also demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Id.*

Defendants do not dispute that the numerosity requirement is met. In responding to plaintiffs' discovery requests, The Westmoreland Agency stated "that it sent 25,525 written communications in the form represented by Exhibit A to persons with addresses in the state of Wisconsin, on or after March 22, 2004." (Aff. Blythin, Ex. C, p. 13)

Next, there are questions of law and fact common to the class. Specifically, at issue is whether the collection letter violates 15 U.S.C. § 1692e(2)(A) and 1692g. With the exception of identifying the individual plaintiffs, factual and legal issues will be the same. Moreover, the typicality requirement is satisfied insofar as the same form collection letter was

2

sent to each member of the proposed class. The plaintiffs' claims will proceed with respect to that letter.

Finally, the court is satisfied that plaintiffs will fairly and adequately represent the class members. Moreover, there does not appear to be any potential for conflicting interests in this action. Further, the law firm of Ademi & O'Reilly, LLP, has experience in bringing class actions and collection abuse claims. These attorneys have been appointed co-counsel in several class actions in this district, including a case before this court. *Ramirez v. National Revenue Corp.*, 03-C-350 (E.D. Wis. 2004).

Defendants' sole argument in opposition to class certification is premised on the named plaintiffs' initial failure to list the claim against Capital One or The Westmoreland Agency as an asset in their respective bankruptcy petitions. Based on this failure and alleged deficiencies regarding the plaintiffs' claims, defendants reason that plaintiffs lack standing to pursue this action.

First, plaintiffs amended their voluntary petitions to include the FDCPA claim against Capital One as an exempt asset under 11 U.S.C. § 522(d)(5) before this litigation was filed. The notices were mailed to the same address appearing in defendants' letter, which reaches The Westmoreland Agency. Plaintiffs also moved the Bankruptcy Court to reopen their cases to amend their schedules to include The Westmoreland Agency, and in each case, the Bankruptcy Court allowed exemptions of $1,000. Further, if defendants are arguing that plaintiffs are not real parties in interest, Rule 17(a) of the Federal Rules of Civil Procedure would allow for reasonable time to substitute plaintiffs.

> No action shall be dismissed on the ground that is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have

3

> the same effect as if the action had been commenced in the
> name of the real party in interest.

Rule 17(a) Fed. R. Civ. P.

The court finds support for its view in *In re Polis*, 217 F.3d 899 (7th Cir. 2000), where a Chapter 7 debtor sought to reopen the bankruptcy proceeding after she filed a class action under the Truth in Lending Act. The bankruptcy court allowed the debtor's claimed exemption in the litigation proceeds up to $900, however, following the debtor's Chapter 7 discharge, the district court dismissed the class action lawsuit finding that the debtor lacked standing because the Truth in Lending claim was worth more than the exemption. In reversing, the Seventh Circuit Court of Appeals reasoned:

> So the decision revoking the exemption must be reversed--and likewise the decision dismissing the class action suit. It was dismissed on the ground that, Polis having exceeded her exemption, her claim reverted to the trustee in bankruptcy, thus depriving her of standing to maintain the suit (and remember that there is no other named plaintiff, that is, no other class representative, to step into her shoes). She did not exceed the exemption, as we have seen, and even if she had, this would not justify dismissal of her suit, for that would cut down her exemption without any warrant for doing so. She was entitled to exempt $2,000 of her personal property, and having exempted only $1,100 worth of such property besides her legal claim against Getaways was entitled to exempt so much of that claim as would not pierce the ceiling of the exemption. In other words she was entitled to exempt $900 worth of the fair market value of her claim. *Wissman v. Pittsburgh National Bank, supra*, 942 F.2d at 871.

*Id.* at 904.

Second, an inquiry into the merits of plaintiffs' claims is not appropriate for class certification. In determining whether to certify a class pursuant to Federal Rule of Civil Procedure 23, the court limits its inquiry to whether the requirements of Rule 23 are satisfied,

4

not the ultimate merits of the claim. *See Eggleston v. Chicago Journeymen Plumbers' Local Union, No. 130*, 657 F.2d 890, 895 (7th Cir.1981).

Having satisfied the requirements under Rule 23(a), plaintiffs must still demonstrate that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that the class action is superior to other available methods of resolving this controversy. Because this case involves a large number of claimants with identical, small claims, this appears to be perfectly suited for class certification. The costs of discovery, dispositive motions and/or trial would be prohibitive for many. Hence, public interest weighs in favor of the resolution of these FDCPA claims via class certification.

Turning to defendants' motion for summary judgment, the court first notes that defendants have failed to comply with Civil L.R. 56.2 (E.D. Wis.). Moving papers must include either a stipulation of facts between the parties, or the movant's proposed findings of fact supported, by specific citations to evidentiary materials in the record, or a combination of both. Civil L.R. 56.2(a). Factual propositions must be set out in numbered paragraphs, with the contents of each paragraph limited as far as practicable to a single factual proposition. Civil L.R. 56.2(a)(2). In the reply, the movant may respond to the opposing party's proposed findings of fact. Civil L.R. 56.2(a)(2)(c). Moreover, in deciding the motion for summary judgment, the court must conclude that there is no genuine issue of material fact to which no response is set out. Civil L.R. 56.2(a)(2)(d).

Defendants never filed proposed findings of fact and did not respond to the proposed findings submitted by plaintiffs. In addition, The Westmoreland Agency never responded to plaintiffs' brief in opposition to their motion. Based on the procedural irregularities alone, the motion will be denied without prejudice. *See Bordelon v. Chicago*

5

*Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000) ("Given their importance, we have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment.").

Now, therefore,

IT IS ORDERED that plaintiffs' motion for class certification is granted. Plaintiff shall submit a proposed form of notice within seven days, including the class members' rights to opt out.

IT IS FURTHER ORDERED that defendants' motion for summary judgment is denied without prejudice.

IT IS FURTHER ORDERED that discovery is suspended for three weeks, except as necessary to obtain the names and addresses of proposed class members. During this time, counsel and their respective parties are to explore the possibility of private mediation. If counsel reports that private mediation has been arranged, the court is amenable to further suspension of discovery. However, as it stands, the current summary judgment deadline of June 9, 2006, is extended to July 10, 2006.

Dated at Milwaukee, Wisconsin, this 30th day of May, 2006.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge