IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JASON BEATTIE and JAN CALVIN,

       Plaintiffs,

       v.                                        Case No. 05-CV-310

THE WESTMORELAND AGENCY, and      **Hon. C.N. Clevert, Jr.**
CAPITAL ONE, F.S.B.,

       Defendants.

---

TIRZA MEDINA,

       Plaintiff,

       v.                                        Case No. 05-CV-1074

CAPITAL ONE BANK, and
THE WESTMORLAND AGENCY,

       Defendants.

## **FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND PAYMENT OF ATTORNEYS' FEES TO CLASS COUNSEL**

    These cases have come before the Court for final approval of the Class Action Settlement Agreement and for dismissal of these actions pursuant to the terms of the Settlement Agreement, due notice to the Class having been given pursuant to the Court's Order of June 14, 2007.

    The parties appeared through their respective attorneys of record and the Court conducted a final fairness hearing on the proposed class settlement as contemplated by Fed. R. Civ. P. 23. All capitalized terms in this Order that are not defined herein shall

1

have the meaning given to them in the Settlement Agreement and in the Court's prior Order Granting Preliminary Approval of Settlement.

THE COURT HEREBY FINDS THAT:

1. The parties entered into a Settlement Agreement ("Settlement Agreement") dated as of November 9, 2006.

2. Within ten days of filing the proposed settlement with the Clerk of the Court, Defendants complied with the requirements of 28 U.S.C. § 1715.

3. By Order dated June 14, 2007, the Settlement Agreement was preliminarily approved by the Court, pursuant to Fed. R. Civ. P. 23, and this Court certified a consolidated settlement class, consisting of:

    (a) all natural persons,

    (b) who were sent a collection letter in the form represented by <u>Exhibit A</u> to the complaints in the Beattie Case and the Medina Case to an address in the State of Wisconsin,

    (c) seeking to collect a debt for personal, family, or household purposes,

    (d) on or after July 21, 2004,

    (e) that was not returned by the postal service

(the "Class"). However, the Class excludes any consumer who would otherwise meet the class definition but who has already settled a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* against Defendants since the start of the Class Period.

4. The Complaints in these actions allege that Defendants violated the FDCPA. Defendants deny Plaintiffs' allegations and assert, *inter*

2

*alia*, that their conduct was not in violation of the Act. The settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

5. On June 14, 2007, after consideration of the evidence, the papers filed in the above-referenced cause, and the argument of counsel, the Court made a preliminary determination that the proposed settlement of the claims of the Class against Defendants appeared to be fair, adequate, and reasonable.

6. The Notice that was approved by the Court and mailed to the members of the Class gave fair, adequate, and reasonable notice to the members of the Class of the nature of these actions, the potential liability of Defendants, Defendants' defenses, the terms of the settlement, the proposed payment to the Class, the proposed payment to the Plaintiffs, the proposed payment to Class Counsel, the method by which they could opt out, and the method by which they could object to the Settlement. The Notice satisfied the requirements of Fed. R.Civ. P. 23 and the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

7. Pursuant to the provisions of the Settlement Agreement and the preliminary approval order, the Class Notice was mailed by Defendants to all members of the Class.

8. _1_ objection was received.

9. _2_ Class Members elected to opt out of the Class.

3

10. The procedures set forth in the Settlement Agreement and the preliminary approval order for opting out or objecting are fair, adequate, and reasonable.

11. The proposed settlement is fair, reasonable, and adequate and meets the requirements of Fed. R. Civ. P. 23.

12. The Settlement Agreement calls for Defendants to pay a total of $140,000.00 to be distributed pro rata among those members of the Class who have timely submitted proof-of-claim forms.

13. The Court finds that the named Plaintiffs have secured such payment for the benefit of the Class, and that each should be compensated for his or her service to the class by payment in the amount of $1,000.00 each (that being the maximum amount of each plaintiff's individual claims), for a total of $3,000,00. Such payment will be made by Defendants in addition to the $140,000 Settlement Fund.

14. The Court finds that Class Counsel have secured such payments for the benefit of the Class, and that they should be compensated for their reasonable and necessary attorneys' fees and expenses in these cases in the amount of $110,000.00, which is to be paid by Defendants in addition to the payments to Plaintiffs and the Class.

15. Any portion of the Settlement Fund that is unclaimed by the Class, because the settlement check was returned as undeliverable or without a forwarding address, or because the check otherwise remains uncashed within 120 days after distribution, and or any of

4

the Settlement Fund otherwise remaining unpaid after the distribution was calculated, shall be paid to Milwaukee Legal Aid Society as a *cy pres* remedy.

16. The Court finds the payments described above to be fair, adequate, and reasonable for the following reasons, among others, (1) the individual Plaintiffs and the Class are receiving, and Defendants are paying, an adequate amount of statutory damages in light of the statutory limitations on liability and the nature of the alleged violations; (2) there has been no admission of wrongdoing, and Defendants have not been found to have acted unlawfully; (3) furthermore, the [complete lack of any / low number of] objections or exclusions of class members is further evidence of the fairness, reasonableness, and adequacy of the settlement; (4) finally, the fact that the conduct complained of was not likely to have caused any actual damages to any of the Class Members is further evidence of the fairness, reasonableness, and adequacy of the settlement.

17. The Court finds the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiffs and all members of the Class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

5

18. Within fourteen days after the judgment entered in accordance with this Order becomes final, checks representing the distributions described above will be sent by Defendants (or, at Defendants' sole discretion, by a designated claims administrator) to those class members entitled to a distribution under the terms of the Settlement Agreement and this Order.

19. Payment by the Defendants of the fees and costs to Class Counsel as set forth above is hereby approved as such fees are reasonable in these cases.

**IT IS THEREFORE, ORDERED THAT:**

1. The Settlement Agreement dated November 9, 2006, is hereby approved.

2. Jason Beattie, Jan Calvin, and Tirza Medina, on behalf of themselves and on behalf of all Class Members who did not opt out, and on behalf of all of their respective heirs, executors, administrators, successors, and assigns, hereby release, acquit, and forever discharge The Westmoreland Agency, Inc.; Capital One Bank; and Capital One F.S.B., and all of their respective principals, partners, officers, directors, shareholders, managers, employees, successors, affiliates, and insurance carriers (collectively, the "Released Parties"), from any and all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that Jason Beattie, Jan Calvin, Tirza Medina, and the Class Members may have against the Released Parties as of the date of this Order (collectively, the "Released Claims"), it being the Plaintiffs' intent to release all claims of any kind or nature, known or unknown, arising pursuant to contract, tort, common law, or regulation, that Jason

6

Beattie, Jan Calvin, Tirza Medina, and the Class Members may have against the Released Parties.

3. This Order expressly does not release any claims or defenses relating to the underlying debts of Plaintiffs or the Class.

4. Plaintiffs and the Class Members are each forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State Court, Federal Court, or Foreign Court or arbitration forum, against the Released Parties, any causes of action, suits, claims or demands, whatsoever, in law or in equity, known or unknown at this time, that Plaintiffs or the Class Members now have, ever had, or hereafter may have against Defendants, arising out of or relating to the Released Claims. Defendants hereby agree that they shall be barred identically from pursuing any claims for relief under 15 U.S.C. § 1692k(a)(3) against Plaintiffs or against any Class Member arising out of the filing of these actions.

5. The underlying debts that were the subject of the collection letters at issue, are in no way affected by this judgment, and nothing contained herein or in the Settlement Agreement shall prevent Defendants or their successors in interest from attempting to collect the debts allegedly owed by the Plaintiffs or the Class Members.

6. Defendants shall distribute the Settlement Funds as described above.

7. This Court reserves jurisdiction over all matters relating to the enforcement of the Settlement Agreement.

8. All claims for contribution, indemnification, or reimbursement, however denominated, against Defendants arising under state or federal law, including those based in tort, contract, statute, or any other body of law, in favor of persons, including any non-released persons who are asserted to be or who may be joint tortfeasors or

7

wrongdoers with Defendants, are hereby extinguished, discharged, satisfied, barred, and enjoined.

9. All claims in these consolidated cases are hereby dismissed with prejudice.

10. This Order resolves all claims against all parties in each of these consolidated actions and is a final judgment with respect to each of the actions. The Clerk of Court shall enter a judgment in each case dismissing all claims in each case.

Signed this 22nd day of August, 2007.

                                            s/ C. N. CLEVERT, JR.
                                            _____
                                            HON. C.N. CLEVERT, JR.
                                            UNITED STATES DISTRICT JUDGE